**Joann E. RYAN, Petitioner,**

v.

**OFFICE OF PERSONNEL**
**MANAGEMENT,**
**Respondent.**

No. 01–3375.

United States Court of Appeals,
Federal Circuit.

March 11, 2002.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Petitioner JoAnn E. Ryan seeks review of the July 27, 2001, decision of the Merit Systems Protection Board, Docket No. NY–844E–00–0115–I–1, which upheld a ruling by the Office of Personnel Management (OPM) rejecting Ms. Ryan's application for disability retirement as untimely. We *affirm*.

## BACKGROUND

In January 1989, Ms. Ryan was hired by the Department of Labor and was employed by the Department's Bureau of Labor Statistics. After the death of her son in January 1990, Ms. Ryan sought employee counseling on two different occasions, at which time she complained of harassment by her supervisor, Josephine Figueroa. On November 6, 1992, Ms. Figueroa proposed to terminate Ms. Ryan on the grounds of insubordination and insolent behavior. The removal became effective on December 28, 1992. Ms. Ryan appealed that decision to the Merit Systems Protection Board, which affirmed the agency's action.

Following her termination, Ms. Ryan was hospitalized briefly in response to an apparent suicide attempt. Thereafter, she was referred to an outpatient psychiatric clinic and received medication for both depression and sleep disruption.

In spite of those conditions, Ms. Ryan interacted with government agencies, including OPM, over the next several years. During June and July of 1993, she corresponded with OPM concerning a refund of her retirement deductions. In November of that year, she applied for disability benefits under the Social Security Act. Finally, in 1997, Ms. Ryan contacted OPM about life insurance benefits, which OPM explained had lapsed upon her removal.

On June 21, 1999, Ms. Ryan again contacted OPM and applied for disability retirement under the Federal Employees' Retirement System (FERS). The application included a letter from Ms. Ryan's doctor at the outpatient clinic describing Ms. Ryan's psychological condition resulting from the loss of her son. OPM issued an initial decision on August 30, 1999, rejecting Ms. Ryan's claim because it had not been filed within the required one-year statutory time frame, and because Ms. Ryan's psychological infirmities were insufficient to warrant tolling the one-year period. OPM subsequently denied Ms. Ryan's request for reconsideration on January 11, 2000.

Ms. Ryan appealed OPM's decision to the Merit Systems Protection Board. She argued, first, that OPM had erred in concluding that she had not established that she was mentally incompetent during the period in which she was required to file her application for disability retirement. In addition, she submitted documentation from the Department of Labor that discussed disability retirement under FERS, but did not indicate that there was a time limit for filing a disability retirement application. The administrative judge assigned to the case affirmed OPM's reconsideration decision, finding that Ms. Ryan had not met her burden of proof on the issue of mental incompetence and that her lack of knowledge regarding the deadline for applying for retirement benefits did not justify a waiver. The full Board denied Ms. Ryan's petition for review, and this appeal followed.

## DISCUSSION

A disability retirement application under FERS must be filed with OPM before the employee is separated from government

service or within one year thereafter. 5 U.S.C. §§ 8401(24), 8402, 8453. That time limit may be waived by OPM, however, if the employee is mentally incompetent during the one-year time window and files the claim within one year after regaining competency. 5 U.S.C. § 8453. The employee bears the burden of proving mental incompetence. *Jeter v. OPM,* 71 M.S.P.R. 495, 500 (1996).

Ms. Ryan's claim for disability retirement benefits was filed well after the expiration of the one-year time limit. In order to be entitled to a waiver of that time limit, she was required to demonstrate that she became mentally incompetent before December 28, 1993 (one year after her removal became effective) and remained incompetent until at least June 21, 1998 (one year before she filed for disability). She did not, however, submit medical evidence sufficient to show that she was incompetent before December 28, 1993, or that she remained so until at least June 21, 1998. Although she submitted a letter from her doctors, the Board permissibly declined to give that letter dispositive weight because the doctors who wrote the letter did not begin treating Ms. Ryan until 1995. As the administrative judge noted, Ms. Ryan's mental competence was further demonstrated by the fact that she had applied for other government benefits between 1993 and 1997, and that she had testified at the hearing before the Board regarding her removal, in which she contended that she should be reinstated to her position with the Department of Labor. In light of the evidence of record, we uphold the Board's decision that Ms. Ryan did not satisfy her burden of showing entitlement to a waiver of the one-year time limit for filing her disability retirement application.